# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2020

Lyle W. Cayce
Clerk

No. 19-30620
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC CHARLES MEANS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CR-256-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Eric Charles Means was convicted on charges of possession with intent to distribute methamphetamine and possession of firearms in furtherance of a drug-trafficking crime. Applying the career-offender enhancement, the district court imposed a sentence of 262 months on the drug count and a consecutive sentence of 60 months on the firearms count. Means appeals, claiming the 262-month sentence reflects a misapplication of the Sentencing Guidelines. "An

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30620

error in applying the guidelines is a significant procedural error that constitutes an abuse of discretion." *United States v. Moody*, 564 F.3d 754, 759 (5th Cir. 2009) (internal quotation marks and citation omitted).  We review a district court's application of the Guidelines de novo.  *Id.*

Means contends that under U.S.S.G. § 5G1.2(e), the district court was required to reduce his 262-month sentence on the drug count by 60 months to offset his sentence on the firearms count.  We find no basis for this claim.  The district court identified a guidelines range of 262 to 327 months under U.S.S.G. § 4B1.1(c).  In accordance with § 5G1.2(e), the court then determined a total, within-guidelines term of 322 months and apportioned it between the counts of conviction.  Means has shown, and we can discern, no error.

AFFIRMED.